## ACTION TO DISSOLVE CORPORATION AND DISTRIBUTE ASSETS.

Circuit Court of Cuyahoga County.

AUGUST BECKER ET AL V. THE GERMANIA HALL COMPANY ET AL.

Decided, March 17, 1908.

*Corporations for Profit—Grounds for Dissolution—Violation of Charter.*

1. To justify the dissolution of a corporation on the ground that it has never discharged its charter objects, a plain violation of its charter must be proven.

2. The fact that a corporation organized under Section 3262, Revised Statutes, as a corporation for profit, has never been so managed as to attempt to make a pecuniary profit for its stockholders, may not in itself be a deviation from its corporate object.

3. A corporation organized for "musical, artistic and gymnastic purposes" which owns a building where societies meet for those purposes, but part of which is rented, does not because of such ownership become a real estate corporation.

*Smith, Taft & Arter,* for plaintiffs in error.
*Squire, Sanders & Dempsey,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The action below was begun under favor of Section 5651 *et seq.,* Revised Statutes of Ohio, by more than one-third of the stockholders of the Germania Hall Company, to dissolve said corporation and distribute its assets. This relief was denied upon the ground that the evidence failed to disclose that the corporate objects of the defendant were no longer being fulfilled.

The facts as shown are, that certain German people of Cleveland desiring to provide a suitable place of meeting for various German societies to which they belonged, organized the defendant corporation under the laws of Ohio for musical, gymnastic, and artistic purposes, etc., and became subscribers severally to the capital stock thereof. With the capital thus obtained the corporation erected a building known as 'Germania Hall, containing places of meeting, which thereupon and ever since have been rented to and used by various societies devoted to the ob-

jects named, in accordance with the purpose of the promoters. Incidentally parts of the building, and at times the meeting places aforesaid, have been used for other philanthropic, as well as for business purposes. Among other things a saloon has been maintained upon the premises by lessees of the defendant, but in the main the building has been used as was originally contemplated, and broadly speaking, in accordance with the purpose specified in the charter. The corporation although organized with a capital stock has not been administered as a corporation for profit, and the only dividends that have been declared have in distribution been largely offset by sums due as rent from the lessee societies, which, or the members of which, were the principal owners of the defendant's stock.

In the lapse of years the character of the neighborhood in which this building is located has greatly changed, so that although the value of the real estate became enhanced the suitability of the location as a meeting place for the societies in question was much impaired. Several of these societies have provided themselves with independent meeting places elsewhere, and one of the principal societies concerned, which apparently controls a majority interest in the stock of the defendant, desired to sell this property and use the proceeds in erecting a building to be devoted to the same purpose in a more suitable location in this city. Accordingly the building and site owned by the defendant were sold, and the proceeds of said sale are now in the corporate treasury of the defendant. The plaintiff stockholders, owning as aforesaid, more than one-third of the defendant's capital stock, dissent from the program above outlined and desire instead a dissolution of the corporation and distribution of its assets. It is plain, however, from the decided cases cited upon the hearing that the mere pecuniary interest or preference of the plaintiff stockholders can not be decisive of their right to the relief prayed for. It is admitted that the corporation is abundantly solvent, but it is claimed that it has never properly discharged its charter objects. We do not think that the facts as disclosed by the evidence justify this inference, for as already stated, the activities which the corporation has facilitated are, broadly speaking, within the

scope of the objects originally named.   To justify a dissolution
of the corporation by judicial decree a plain violation of the
charter in this behalf must be proved.   It was suggested, how-
ever, upon the hearing, that inasmuch as the defendant was
organized with a capital stock in the form necessary to corpo-
rations organized for profit, and inasmuch as the corporation
had never been administered for the purpose of profit it might
be said that the main corporate object had never been fullfilled
or sought to be fulfilled; but a reference to Section 3262, Re-
vised Statutes of Ohio, as construed in *Snyder et al* v. *The
Chamber of Commerce et al,* 53 Ohio St., 1, shows that our laws
contemplate the lawful organization of an eleemosynary corpora-
tion with a capital stock.   It is urged further that whatever may
have been true in the past as to the performance by the de-
fendant of its corporate objects, yet upon the sale of the build-
ing and site which it provided for the accomplishment of those
objects, and the reduction of its assets to money, it must be
deemed now to have abandoned those objects, particularly as
its minutes show a willingness to pay out of the proceeds of
such sale the par value of the shares held by dissenting stock-
holders who wish to retire from their connection with the cor-
poration.   Whether or not this part of the defendant's pro-
gram was lawful, it was not acted upon, because the book value
of the shares is nearly double the par value, so that the propo-
sition was not and is not acceptable to the plaintiffs.   There is
nothing in the charter restricting the defendant to the occupancy
or ownership of the property thus disposed of, and it can not
be assumed that the corporate objects are capable of being ful-
filled only in the location originally selected.   The admitted
purpose of the defendant to secure a more suitable property
indicates rather that the corporate objects will continue to be
discharged.

It is urged further that the defendant is and always has
been substantially a real estate corporation, which, at the time
it was organized was not within the purview of our corporation
laws, and even now is permitted only to corporations having a
limited life.

But we hold that the ownership of real estate though convenient and perhaps necessary to the realization of the general aims and charter purposes of this defendant, is nevertheless but an incident of the main objects as set forth in the charter.  In short, we fail to find any sufficient proof of a failure by the defendant to perform its declared corporate objects, nor do we discover any error in the record before us.  The judgment is, therefore, affirmed.